UNITED STATES DISCTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES ROBERTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 C 3209 |
| v. ) | |
| ) | Judge Gottschall |
| CITY OF CHICAGO, ILLINOIS, and ) | |
| CHICAGO POLICE OFFICER J.E. ) | Magistrate Schenkier |
| McFadden, Star # 5881, and CHICAGO ) | |
| POLICE OFFICER J.M. MOSS, Star # 10791, ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. ) | |

**DEFENDANTS' ANSWER, DEFENSES AND JURY DEMAND
TO PLAINTIFF'S COMPLAINT**

Defendant, City of Chicago (the "City"), by its Attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, through Marc J. Boxerman, Senior Counsel, and Chicago Police Officers J.E. McFadden and J.M. Moss, (collectively, "Defendant Officers"), by their attorney, Marc J. Boxerman, Senior Counsel, for their Answers and Defenses to Plaintiff's Complaint state as follows:

**JURISDICTION and VENUE**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

   **ANSWER:** Defendants admit that Plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1983 to address alleged deprivations of his Constitutional rights. Defendants deny the remaining allegations contained in Paragraph 1.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

   **ANSWER:** Defendants admit the allegations contained in Paragraph 2.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER:**   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff resides in this judicial district. Defendants admit the remaining allegations contained in Paragraph 3.

## PARTIES

4.   At all times relevant hereto, Plaintiff James Roberts was a 34 year-old male resident of Chicago, Illinois.

**ANSWER:**   Defendant Officers admit that Plaintiff is male. Upon information and belief, Defendant Officers admit that at the time of the incident, Plaintiff was 34 years old and resided in Chicago, Illinois. Upon information and belief, the City admits the allegations contained in Paragraph 4.

5.   At all times relevant hereto, Defendant Officers were Police Officers for the City of Chicago and were acting under the color of the law and within the scope of their employment.

**ANSWER:**   Defendants admit the allegations contained in Paragraph 5.

6.   Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

**ANSWER:**   Defendants admit the allegations contained in Paragraph 6.

## FACTUAL ALLEGATIONS

7.   On or about June 11, 2007, Plaintiff was parked in his vehicle near the residence of 6049 S. St. Lawrence Ave. in Chicago, Cook County, Illinois, talking to a friend who was standing outside of his vehicle.

**ANSWER:**   Defendant Officers admit that on or about June 11, 2007, Plaintiff was parked in a vehicle near 6049 S. St. Lawrence Ave. in Chicago, Cook County, Illinois. Upon information and belief, Defendant Officers admit that the vehicle was Plaintiff's vehicle. Upon information and belief, the City admits that on or about June 11, 2007, Plaintiff was parked in a vehicle near 6049 S. St. Lawrence Ave. in Chicago, Cook County, Illinois and that the vehicle was Plaintiff's vehicle. Defendants are without knowledge or information sufficient to form a

2

belief as to the truth of the remaining allegations contained in Paragraph 7.

8. At this time, Defendant Officers approached, opened the driver's side door of Plaintiff's vehicle and physically pulled him out of the vehicle.

**ANSWER:** Defendant Officers admit that they approached the vehicle. Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of whether Defendant Officers opened the driver's side door. Defendant Officers deny the remaining allegations contained in Paragraph 8. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9. Defendant Officers then proceeded to handcuff Plaintiff and unconstitutionally search his person and his vehicle.

**ANSWER:** Defendant Officers admit that Plaintiff was handcuffed and searched. Upon information and belief, the City admits that Plaintiff was handcuffed and searched. Defendants deny the remaining allegations contained in Paragraph 9.

10. At no time during this illegal search and seizure of Plaintiff did Defendant Officers have a search or an arrest warrant for Plaintiff, nor probable cause to believe Plaintiff had or was committing a crime.

**ANSWER:** Defendant Officers admit that they did not have a search or arrest warrant for Plaintiff. Upon information and belief, the City admits that the Defendant Officers did not have a search or arrest warrant for Plaintiff. Defendants deny the remaining allegations contained in Paragraph 10.

11. At all times relevant hereto, Plaintiff was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

**ANSWER:** Defendants deny the allegations contained in Paragraph 11.

12. Following the unconstitutional search, Plaintiff was handcuffed, arrested, and taken to the 3rd District Police Station where he was falsely charged with Possession of a Controlled Substance in violation of 720 ILCS 570.0/402-C.

**ANSWER:** Defendant Officers admit that Plaintiff was handcuffed, arrested, taken to

3

the Third District Police Station, and charged with violating 720 ILCS 570.0402-C -- Possession of a Controlled Substance. Upon information and belief, the City admits Plaintiff was handcuffed, arrested, taken to the Third District Police Station, and charged with violating 720 ILCS 570.0402-C -- Possession of a Controlled Substance. Defendants deny the remaining allegations contained in Paragraph 12.

13. On December 6, 2007, Plaintiff's motion to quash his arrest and suppress evidence was granted by a Cook County Judge based on the violation of his constitutional rights.

**ANSWER:** Upon information and belief, the City admits that on or about December 6, 2007, a Cook County judge granted Plaintiff's motion to quash arrest and suppress evidence. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13. Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

### Count I – 42 U.S.C. § 1983 False Arrest

14. Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:** Defendants restate their answers to Paragraphs 1-13 as their answer to Paragraph 14.

15. On June 11, 2007, Plaintiff was seized and arrested without a warrant and without probable cause. This seizure and arrest were in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:** Defendant Officers admit Plaintiff was seized and arrested without a warrant. On information and belief, the City admits Plaintiff was seized and arrested without a warrant. Defendants deny the remaining allegations contained in Paragraph 15.

16. Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched him without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

4

      **ANSWER:**    Defendants deny the allegations contained in Paragraph 16.

17. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

    b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

    c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

    e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

    f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

    g. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

    h. The problem with the policy identified in the preceding paragraph is that by its

own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:** Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and each of its sub-paragraphs. The City denies the allegations contained in Paragraph 17 and each of its sub-paragraphs.

18. The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER:** Defendants deny the allegations contained in Paragraph 18.

### Count II – 42 U.S.C. § 1983 Unlawful Search

19. Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:** Defendants restate their answers to Paragraphs 1-13 as their answer to Paragraph 19.

20. Defendant Officers searched Plaintiff's person without a search warrant and without probable cause to believe Plaintiff was committing or had committed a crime in violation of the 4th Amendment to the United States Constitution.

**ANSWER:** Defendant Officers admit they searched Plaintiff's person without a search warrant. Upon information and belief, the City admits the Defendant Officers searched Plaintiff's person without a search warrant. Defendants deny the remaining allegations contained in Paragraph 20.

21. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

   a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

   b. As a matter of both policy and practice, the Chicago Police Department facilitates the

type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Officer of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h. The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:** Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and each of its sub-paragraphs. The City denies the allegations contained in Paragraph 21 and each of its sub-paragraphs.

22. The aforementioned actions of the Defendant Officers proximately caused Plaintiff to be deprived of his 4th Amendment right to be free from unlawful searches.

**ANSWER:** Defendants deny the allegations contained in Paragraph 22.

### Count III – False Imprisonment

23. Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:** Defendants restate their answers to Paragraphs 1-13 as their answer to Paragraph 23.

24. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

**ANSWER:** Defendants admit the allegations contained in Paragraph 24.

25. On June 11, 2007, Plaintiff was seized and detained without a warrant and without probable cause. This detention and seizure was in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:** Defendant Officers admit Plaintiff was seized and detained without a warrant. On information and belief, the City admits Plaintiff was seized and detained without a warrant. Defendants deny the remaining allegations contained in Paragraph 25.

26. Defendant Officers and Defendant City unlawfully seized, detained, and wrongfully searched Plaintiff without any legal right to do so.

**ANSWER:** Defendants deny the allegations contained in Paragraph 26.

27. The acts committed by Defendant Officers and Defendant City were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER:** Defendants deny the allegations contained in Paragraph 27.

### Count IV – Malicious Prosecution

28. Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:** Defendants restate their answers to Paragraphs 1-13 as their answer to Paragraph 28.

29.   Defendant Officers initiated and continued judicial proceedings against Plaintiff by intentionally making knowingly false statements in police reports and causing false testimony to be presented to a Cook County Judge. This false and malicious conduct resulted in Plaintiff being charged with and prosecuted for Possession of a Controlled Substance.

   **ANSWER:**   Defendants deny the allegations contained in Paragraph 29.

30.   Defendant Officers instituted the judicial proceedings against Plaintiff with malice and with willful and wanton disregard for the truth.

   **ANSWER:**   Defendants deny the allegations contained in Paragraph 30.

31.   Defendant Officers brought said false charges and continued the prosecution of such false charges in order to cover up their own illegal conduct.

   **ANSWER:**   Defendants deny the allegations contained in Paragraph 31.

32.   On December 12, 2007, Plaintiff's case was dismissed following a finding of no probable cause.

   **ANSWER:**   Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32. Upon information and belief, the City admits Plaintiff's case was dismissed but denies the case was dismissed on December 12, 2007. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 32.

33.   As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including but not limited to: severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

   **ANSWER:**   Defendants deny any illegal or malicious conduct. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33.

### Count V – Intentional Infliction of Emotional Distress

34.   Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

   **ANSWER:**   Defendants restate their answers to Paragraphs 1-13 as their answer to

Paragraph 34.

35. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

**ANSWER:** Defendants admit the allegations contained in Paragraph 35.

36. Defendant Officers' illegal arrest and unlawful seizure of Plaintiff were committed with intentional disregard for Plaintiff's innocence, and amount to extreme and outrageous conduct against Plaintiff.

**ANSWER:** Defendants deny the allegations contained in Paragraph 36.

37. Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause him severe emotional distress and mental anguish.

**ANSWER:** Defendants deny the allegations contained in Paragraph 37.

38. As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:** Defendants deny any illegal or malicious conduct. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38.

### Count VI – State Law Claims Against Defendant City *Respondeat Superior* and Indemnification

39. Plaintiff re-alleges paragraphs 1 through 13 as if fully re-pleaded herein.

**ANSWER:** The City restates its answers to Paragraphs 1-13 as its answer to Paragraph 39. Defendant Officers make no answer to this paragraph as Count VI is not directed against them.

40. Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

**ANSWER:** The City admits the allegations contained in Paragraph 40. Defendant

10

Officers make no answer to this paragraph as Count VI is not directed against them.

41.　　At all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment. Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

**ANSWER:**　　The City admits that at all relevant times, Defendant Officers were agents of the City and employees of the Chicago Police Department and acting within the scope of their employment. The City denies the remaining allegations contained in Paragraph 41. Defendant Officers make no answer to this paragraph as Count VI is not directed against them.

## AFFIRMATIVE DEFENSES

1.　　Regarding Plaintiff's state law claims, to the extent any employee or agent of Defendant City of Chicago was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202 (2004).

2.　　Regarding Plaintiff's state law claims, Defendant Officers are not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'" *See Kerns v. Engelke*, 76 Ill.2d 154, 166 (1979) (internal citations omitted).

3.　　Regarding Plaintiff's state law claims, Defendant Officers are not liable for injuries arising out of the exercise of discretionary acts. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-201.

4.　　Regarding Plaintiff's state law claims, Plaintiff cannot establish willful and wanton misconduct on the part of Defendant Officers; therefore, Defendant Officers are immune from suit. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-202.

5. Regarding Plaintiff's state law claims, Defendants are not liable for any injury caused by the acts or omissions of another person. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-204.

6. Regarding Plaintiff's state law claims, to the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful or wanton behavior, as opposed to "intentional" willful or wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case. *See Poole v. City of Rolling Meadows,* 167 Ill.2d 41, 656 N.E.2d 768 (Ill. 1995).

7. Under Illinois Tort Immunity law, Defendants are not liable for injury allegedly caused by the instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause. 745 ILCS 10/2-208 (2004).

8. Defendant Officers are entitled to qualified immunity. Defendant Officers are government officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officers could have believed their actions to be lawful, in light of clearly established law and information that Defendant Officers possessed. Therefore, Defendant Officers are entitled to qualified immunity as a matter of law.

9. Defendant City is not liable to plaintiff if its employees or agents are not liable to the plaintiff. 745 ILCS 10/2-109 (2004).

10. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

11. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this cause.

12. The City is not liable for punitive damages. 745 ILCS 10/2-102; *City of Newport v. Facts Concerts*, 453 U.S. 247, 271 (1981).

## JURY DEMAND

Defendants request trial by jury.

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel
of the City of Chicago

By: s/Marc J. Boxerman
MARC J. BOXERMAN
Senior Counsel

Marc J. Boxerman
30 N. La Salle Street, Suite 1400
Chicago, Illinois 60602
(312) 744-7684
(312) 744-6566 (Fax)
mboxerman@cityofchicago.org
Atty. No. 06215790

## CERTIFICATE OF SERVICE

I, Marc J. Boxerman, an attorney, hereby certify that I have caused a true and correct copy of the above **Notice of Filing** and **Defendants Officers' Answer, Defenses, and Jury Demand to Plaintiff's Complaint** to be sent via e-filing to the person named below, a "Filing User" pursuant to Case Management/Electronic Case Files, on August 29, 2008, in accordance with the rules governing the electronic filing of documents.

s/ Marc J. Boxerman
MARC J. BOXERMAN

Persons served:

Jeffrey B. Granich
Law Offices of Jeffrey B. Granich
53 W. Jackson Blvd., Suite 840
Chicago, IL 60604